Seth Wiener (California State Bar No. 203747)
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: seth@sethwienerlaw.com

Attorney for Defendant and Third Party Plaintiff
360 FINANCIAL GROUP LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI LEE NICHOLS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>360 FINANCIAL GROUP LLC,<br><br>Defendant. | Case No.: 3:22-CV-03899-RS<br><br>**360 FINANCIAL GROUP LLC'S ANSWER TO COMPLAINT AND THIRD PARTY COMPLAINT** |
| 360 FINANCIAL GROUP LLC,<br><br>Third Party Plaintiff,<br><br>v.<br><br>POLICYSCOUT LLC; AND ROES 1 to 10;<br><br>Third Party Defendants. | |

Defendant and Third Party Plaintiff 360 Financial Group LLC ("360 Financial") hereby answers the Complaint for Injunction and Damages ("Complaint") filed by Plaintiff Terri Lee Nichols ("Plaintiff") as follows:

## I.   INTRODUCTION

1. The allegations in Paragraph 1 require no response because they contain Plaintiff's legal conclusions or purport to detail the statutes Plaintiff claims govern this action. To the extent a response is required, 360 Financial denies the allegations.

2. 360 Financial denies the allegations in Paragraph 2.

1

Answer and Third Party Complaint

## II. PARTIES

3. 360 Financial lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 and, therefore, denies the same.

4. 360 Financial admits the allegations in Paragraph 4.

## III. JURISDICTION AND VENUE

5. Answering Paragraph 5, 360 Financial admits that this Court has jurisdiction over the subject matter but denies any violation of any statute or right.

6. 360 Financial denies the allegations in Paragraph 6.

7. 360 Financial denies the allegations in Paragraph 7.

8. 360 Financial denies the allegations in Paragraph 8.

## IV. FACTS

9. The allegations in Paragraph 9 require no response because they contain Plaintiff's legal conclusions or purport to detail the statute Plaintiff claims governs this action. To the extent a response is required, 360 Financial denies the allegations.

10. The allegations in Paragraph 10 require no response because they contain Plaintiff's legal conclusions or purport to detail the statute Plaintiff claims governs this action. To the extent a response is required, 360 Financial denies the allegations.

11. The allegations in Paragraph 11 require no response because they contain Plaintiff's legal conclusions or purport to detail the statute Plaintiff claims governs this action. To the extent a response is required, 360 Financial denies the allegations.

12. The allegations in Paragraph 12 require no response because they contain Plaintiff's legal conclusions or purport to detail the statute Plaintiff claims governs this action. To the extent a response is required, 360 Financial denies the allegations.

13. 360 Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies the same.

14. 360 Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies the same.

15. 360 Financial lacks knowledge or information sufficient to form a belief as to the truth

1 of the allegations in Paragraph 15 and, therefore, denies the same.

2     16.    360 Financial lacks knowledge or information sufficient to form a belief as to the truth
3 of the allegations in Paragraph 16 and, therefore, denies the same.

4     17.    360 Financial denies the allegations in Paragraph 17.

5     18.    360 Financial denies the allegations in Paragraph 18.

6     19.    360 Financial denies the allegations in Paragraph 19.

7     20.    360 Financial lacks knowledge or information sufficient to form a belief as to the truth
8 of the allegations in Paragraph 20 and, therefore, denies the same.

9     21.    360 Financial lacks knowledge or information sufficient to form a belief as to the truth
10 of the allegations in Paragraph 21 and, therefore, denies the same.

11     22.    360 Financial lacks knowledge or information sufficient to form a belief as to the truth
12 of the allegations in Paragraph 22 and, therefore, denies the same.

13     23.    360 Financial lacks knowledge or information sufficient to form a belief as to the truth
14 of the allegations in Paragraph 23 and, therefore, denies the same.

15     24.    360 Financial lacks knowledge or information sufficient to form a belief as to the truth
16 of the allegations in Paragraph 24 and, therefore, denies the same.

17     25.    360 Financial denies the allegations in Paragraph 25.

18     26.    360 Financial denies the allegations in Paragraph 26.

19     27.    360 Financial lacks knowledge or information sufficient to form a belief as to the truth
20 of the allegations in Paragraph 27 and, therefore, denies the same.

21     28.    360 Financial lacks knowledge or information sufficient to form a belief as to the truth
22 of the allegations in Paragraph 28 and, therefore, denies the same.

23     29.    360 Financial lacks knowledge or information sufficient to form a belief as to the truth
24 of the allegations in Paragraph 29 and, therefore, denies the same.

25     30.    360 Financial denies the allegations in Paragraph 30.

26     31.    360 Financial lacks knowledge or information sufficient to form a belief as to the truth
27 of the allegations in Paragraph 31 and, therefore, denies the same.

28     32.    360 Financial lacks knowledge or information sufficient to form a belief as to the truth

Answer and Third Party Complaint

of the allegations in Paragraph 32 and, therefore, denies the same.

33.     360 Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies the same.

34.     360 Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies the same.

## VI.     FIRST CLAIM FOR RELIEF

35.     360 Financial incorporates by reference its responses to Paragraphs 1 through 34 above. Except as expressly admitted in such responses, 360 Financial denies the allegations of Paragraph 35 and every Paragraph referenced therein.

36.     360 Financial denies the allegations in Paragraph 36.

37.     360 Financial denies the allegations in Paragraph 37.

38.     360 Financial denies the allegations in Paragraph 38.

39.     360 Financial denies the allegations in Paragraph 39.

## AFFIRMATIVE DEFENSES

In further response to the Complaint and as affirmative defenses, 360 Financial alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each and every cause of action alleged therein, fails to state facts that, if proven, are sufficient to constitute a cause of action upon which the requested relief may be granted against 360 Financial.

## SECOND AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Any wrongful conduct alleged in the Complaint was unintentional, a result of bona fide error.

## THIRD AFFIRMATIVE DEFENSE
### (Express and Implied Consent/Failure to Revoke Consent)

Plaintiff, and any putative class member, had actual, implied, and/or constructive knowledge of all acts and/or omissions alleged in the Complaint and, while conscious of those acts and/or omissions,

Plaintiff and the class member gave express or implied consent to all such alleged acts and/or omissions and failed to revoke the consent.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

The Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (No Breach of Duty)

360 Financial did not directly or indirectly perform or fail to perform any acts which constitute a violation of any duty or obligation, if any, owed to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE
### (Justification)

360 Financial was justified in doing and/or omitting to do any and/or all of the acts and/or omissions alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

The Complaint, and each and every cause of action alleged therein, is barred because 360 Financial acted at all times in good faith and with good cause. 360 Financial's conduct was within the reasonable expectations of the parties, and 360 Financial at no time acted so as to deprive Plaintiff of any rights or to cause Plaintiff the injuries described in the Complaint, if any exist.

### EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

360 Financial alleges that the Complaint, or certain claims therein, is barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE
### (No Damages)

360 Financial alleges that any recovery based on the allegations in the Complaint will not result in a recovery of damages.

**TENTH AFFIRMATIVE DEFENSE**

**(No Willful Misconduct)**

360 Financial alleges that none of the alleged wrongful conduct was done willfully or intentionally by 360 Financial.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees Not Permissible)**

Plaintiff, and any purported putative class member, is not entitled to recover attorneys' fees because Plaintiff, and any purported putative class member, has not set forth sufficient factual or legal basis for the recovery of attorneys' fees.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Business Relationship)**

Plaintiff's claims, and those claims of any putative class member are barred to the extent that Plaintiff, and/or the purported class member, had an established business relationship with 360 Financial.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Malice or Harassing Intent)**

The communications complained of by Plaintiff and any purported putative class member were made without malice or wrongful intent to harass on the part of 360 Financial.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Class Standing)**

Plaintiff is an inadequate representative of the purported class, her claims are not common or typical of those of any members of the class, and/or her claims are not appropriate for class treatment. Thus, Plaintiff lacks standing to raise some or all of the claims of the putative class.

**REQUEST FOR RELIEF**

WHEREFORE, 360 Financial prays as follows:

1. That Plaintiff take nothing by the Complaint,

2. That 360 Financial be awarded costs of suit incurred herein, including reasonable attorneys' fees if allowed by contract or statute, and

6

Answer and Third Party Complaint

3. For any such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Civil Rule 3-6, 360 Financial demands a jury trial on claims so triable.

## THIRD PARTY COMPLAINT

360 Financial for its Third Party Complaint against Third Party Defendants PolicyScout LLC ("PolicyScout") and Roes 1 to 10 (collectively, "Third Party Defendants") makes the allegations below.

## PARTIES

1. 360 Financial is a limited liability company organized under the laws of the State of Missouri.

2. PolicyScout is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Utah.

3. 360 Financial is ignorant of the true names and capacities of the Third Party Defendants sued herein as Roes 1 to 10, inclusive, and therefore sues these Third Party Defendants by such fictitious names. 360 Financial will amend this Third Party Complaint to allege their true names and capacities when ascertained.

4. At all times relevant herein, and at the time of the transactions complained of, each of the Third Party Defendants were the agent and employee of each of the remaining Third Party Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

## JURISDICTION

5. This Court has supplemental jurisdiction, including ancillary jurisdiction, pursuant to 28 U.S.C. § 1367 because 360 Financial's Third Party Claims arise out of the same transactions or occurrences that are the subject matter of the original action.

## FACTS

6. On or about May 4, 2022, 360 Financial and PolicyScout entered into an Insurance Lead Purchase Agreement, whereunder PolicyScout agreed to sell "Lead Data" to 360 Financial.

7. Under Section 5.5 of the Insurance Lead Purchase Agreement, PolicyScout agreed that

it would "abide by all applicable laws and regulations with respect to its collection, processing, and disclosure of the Lead Data, including, but not limited to (as applicable), the Telephone Consumer Protection Act, 42 USC 227, and 47 CFR 64.200, Do Not Call List requirements, and the Telemarketing Sales Rule, 16 CFR 310, as applicable."

8. Under Section 5.4 of the Insurance Lead Purchase Agreement, PolicyScout agreed to "indemnify, defend and hold Buyer harmless from and against any and all claims, liabilities, judgments, costs, damages and expenses (including reasonable attorneys' fees) arising out of any breach of Seller's representations, warranties, and/or covenants in this Agreement, and from any act or omission by Seller in violation Seller's obligations set forth in this Agreement."

9. 360 Financial did not have any control or knowledge regarding PolicyScout's acquisition of Lead Data, and had no involvement with any telephone calls made by PolicyScout.

10. 360 Financial alleges on information and belief that PolicyScout made calls to Plaintiff on April 26, May 2, May 6, and May 12, 2022.

11. On August 3, 2022, 360 Financial gave PolicyScout notice of this action, and requested that PolicyScout defend and indemnify 360 Financial in this action. To date, PolicyScout has not undertaken the defense or indemnity of 360 Financial in this action.

### FIRST CLAIM FOR RELIEF – CONTRACTUAL INDEMNITY

12. 360 Financial incorporates by reference the preceding allegations of this Third Party Complaint as though fully set forth herein.

13. 360 Financial and PolicyScout entered into an Insurance Lead Purchase Agreement.

14. 360 Financial did all, or substantially all, of the significant things that the Insurance Lead Purchase Agreement required it to do.

15. PolicyScout breached the Insurance Lead Purchase Agreement by failing to defend and indemnify 360 Financial in this action.

16. 360 Financial was harmed, and PolicyScout's breach of contract was a substantial factor in causing 360 Financial's harm.

### SECOND CLAIM FOR RELIEF – EQUITABLE INDEMNITY

17. 360 Financial incorporates by reference the preceding allegations of this Third Party

Answer and Third Party Complaint

Complaint as though fully set forth herein.

18. If 360 Financial is found liable to Plaintiff in any amount, it will be due solely to the passive fault and secondary actions of 360 Financial; whereas PolicyScout was actively negligent and primarily responsible for the damages, if any, for which Plaintiff complains.

19. If it is found that 360 Financial is liable to Plaintiff by reason of those things set forth herein above, then, in that event, 360 Financial is entitled to be indemnified and be held harmless under the principles of equitable indemnity by PolicyScout either from all damages or from a percentage based upon principles of comparative indemnity and comparative fault, including but not limited to costs and expenses and defending the within action, and attorney's fees and other expenses incurred in connection therewith.

**PRAYER FOR RELIEF**

WHEREFORE, 360 Financial prays for the following relief:

1. For compensatory damages in an amount to be determined at trial;
2. For an order requiring Third Party Defendants to defend and indemnify 360 Financial in the action
3. For attachment, and other injunctive relief;
4. For attorney's fees;
5. For prejudgment and postjudgment interest;
6. For costs of suit; and
7. Such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Civil Rule 3-6, 360 Financial demands a jury trial on all third party claims so triable.

Dated: August 15, 2022         LAW OFFICES OF SETH W. WIENER

By: _____
Seth W. Wiener
Attorney for Defendant and Third Party Plaintiff
360 Financial Direct LLC

9

Answer and Third Party Complaint

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2022, I served the foregoing through the Court's CM/ECF system, which sent notice to all counsel of record.

By: _____
SETH W. WIENER